UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIM PEDERSON,<br><br>          Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. 2:18-cv-00483-APG-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>(Docket Nos. 15, 16) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance pursuant to Title II of the Social Security Act. The Court has considered Plaintiff's motion for reversal and/or remand, the Commissioner's countermotion to affirm, the Commissioner's response to Plaintiff's motion, and Plaintiff's reply. Docket Nos. 15, 16, 17, 19. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.     STANDARDS**

          A.     Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court

1

of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may

know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made, and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to

3

work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 16-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 416.960(b), 416.965.  If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g).  If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.     BACKGROUND

### A.     Procedural History

On November 19, 2015, Plaintiff applied for disability insurance benefits, alleging a disability onset date of December 12, 2014.  Administrative Record ("A.R.") 184-185, 220. Plaintiff's application was denied initially on July 22, 2016, and upon reconsideration on February 23, 2017. A.R. 107-111, 118-121. On March 1, 2017, Plaintiff requested a hearing before an ALJ. A.R. 122-123. On August 22, 2017, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Christopher R. Daniels.  A.R. 43-73.  On September 12, 2017, the ALJ issued an unfavorable decision finding that Plaintiff has not been under a disability from December 12, 2014, through the date of decision.  A.R. 24-36.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 6, 2018.  A.R. 1-7.  On March 16, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1.

. . .

### B. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. 404.1520 and issued an unfavorable decision on September 12, 2017. A.R. 24-36. At step one, the ALJ found that Plaintiff meets the insured status requirement of the Social Security Act through December 31, 2019, and has not engaged in substantial gainful activity since December 12, 2014. A.R. 26. At step two, the ALJ found that Plaintiff has the following medically determinable severe impairments: obesity, left occipital neuralgia, cervical radiculopathy, and post concussion injury. A.R. 26-29.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. A.R. 29. The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) in that she is able to occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl, she is unable to climb ladders, ropes, or scaffolds, and she is able to tolerate no more than occasional exposure to extreme cold, vibration, and hazards such as unprotected heights and dangerous moving machinery. A.R. 30-35.

At step four, the ALJ found that Plaintiff is able to perform past relevant work as a marketing manager. A.R. 35. Therefore, the ALJ found that Plaintiff was not under a disability from December 12, 2014, through the date of the decision. A.R. 35.

### III. ANALYSIS AND FINDINGS

Plaintiff submits that the ALJ erred in finding that her mental impairments were not severe. Docket No. 15 at 10. Plaintiff further submits that the ALJ erred by assigning no weight to Dr. Slagle's letter and that the ALJ failed to provide clear and convincing reasons for discounting the limitations Dr. Slagle described. *Id*. at 10-11. Additionally, Plaintiff contends that the ALJ failed to articulate a specific and legitimate reason for discounting Plaintiff's testimony. *Id*. at 13. Plaintiff also submits that the ALJ erred by asserting that Plaintiff's receipt of unemployment benefits, and the fact she continued to look for work, contradicted her testimony that she was disabled. *Id*. Plaintiff further contends that the ALJ improperly rejected the lay witness statements.

*Id*. at 14-16.  Finally, Plaintiff submits that the ALJ's finding in step four is not supported by substantial evidence.  *Id*. at 15-16.

In response, and on counter-motion to affirm, the Commissioner submits that the ALJ properly found that Plaintiff's mental impairments were not severe.  Docket No. 16 at 3.  The Commissioner further submits that the ALJ properly discounted Plaintiff's testimony of disabling limitations.  *Id*. at 7-11.  Additionally, the Commissioner submits that the ALJ properly evaluated the lay witness statements.  *Id*. at 11-12.  Finally, the Commissioner submits that substantial evidence supports the ALJ's step four RFC finding.  *Id*. at 12-13.

In reply, Plaintiff submits that the ALJ erred in failing to find her mental impairments to be severe.  Docket No. 19 at 1-4; *see also Lester v. Chater*, 81 F.3d. 821, 830-31 (9th Cir. 1995). Plaintiff further submits that the ALJ erred by rejecting her treating doctor's opinion, and that Dr. Slagle's opinion was "uncontradicted" because the state agency doctors' opinions are not substantial evidence and, therefore, should be discounted.  Docket No. 19 at 2.  Plaintiff also contends that the ALJ's credibility determination is legally deficient because the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony; instead, Plaintiff contends that the ALJ improperly relied on isolated instances of improvement.  *Id*. at 5, *see also Ghanim v. Colvin,* 763 F.3d 1154 (9th Cir. 2014).  Additionally, Plaintiff submits that the record demonstrates a series of treatments which collectively make her treatment extensive and, therefore, her treatment is not properly characterized as "conservative."  *Id*. at 6.  Further, Plaintiff contends that the ALJ improperly rejected the lay witness testimony, and that the ALJ failed to provide specific and legitimate reasons for rejecting each witness' testimony.  *Id*. at 7-8.  Finally, Plaintiff contends that the ALJ erred by posing hypothetical questions to the vocational expert while omitting limitations and restrictions that Plaintiff and lay witnesses alleged.  *Id*. at 9.

A. <u>Plaintiff's Mental Impairments</u>

A medically determinable impairment or combination of impairments is "severe" if it significantly limits an individual's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).  Mental work activities include capabilities such as understanding, carrying out, and remembering simple instructions, using judgment, responding appropriately to supervision,

7

co-workers and usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. § 404.1520(b). Plaintiff bears the burden of proving the severity of her symptoms. *See Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). However, the severity requirement cannot be satisfied when medical evidence shows that the claimant can perform basic work activities. *See* SSR 85-28, 1985 WL 56856.

Here, the ALJ concluded that Plaintiff's mental impairments did not cause more than minimal limitation on her ability to perform basic work activities and, therefore, her mental impairments were not severe. A.R. 27. First, the ALJ recognized that, while Plaintiff's medical records revealed some anxiety and insomnia symptoms, they indicated that her doctors had ruled out any major disorder such as posttraumatic stress disorder and bipolar disorder. A.R. 27. The ALJ found that Plaintiff was prescribed medicine for general anxiety, but that she stopped taking it in February 2015; that she was not taking any medication for acute depression; and that she stated that she did not want to take medication and would attend counseling instead. A.R. 27-29. The ALJ also found that Plaintiff's records indicate that, by March 2016, she was doing better and becoming more active and positive while attending therapy sessions and taking some medication. A.R. 28. Further, the ALJ noted that Plaintiff's treatment records did not reveal disabling limitations, as her clinical examinations were generally unremarkable, and her mental status examination was within normal limits. A.R. 27. The ALJ noted that, while Plaintiff went to the emergency room in 2016 with complaints of anxiety, she was not on medication at that time. A.R. 28. Finally, although Plaintiff alleged problems with memory and concentration, the ALJ found that she had no limitation in understanding, remembering or applying information. A.R. 29. The Court finds that Plaintiff's medical records support the ALJ's conclusion, as notes from Dr. Evangelista indicated that Plaintiff had intact recent and remote memory, and intact concentration and attention. A.R. 387, 383, 391, 400.

Second, the Court finds that ALJ's finding was supported by the state agency psychological consultants' mental assessments, which noted that Plaintiff's mental status examinations were generally within normal limits. A.R. 29. The Court finds that the ALJ properly gave great weight to these opinions because they were consistent with the record, including the objective clinical

findings and treatment records. A.R. 27, 29, 31; *see also Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002).

Further, the ALJ found that Plaintiff's claims of disabling anxiety and depression are not supported by the record. A.R. 27-29. The ALJ observed that Plaintiff has had a lack of treatment since ceasing therapy in June 2016, and that recent records revealed that she has not been taking medications. A.R. 28. The ALJ also observed that Plaintiff has no history of psychiatric hospitalization. A.R. 28.

Finally, the ALJ accorded little weight to Dr. Slagle's opinion that Plaintiff had a "psychiatric" disability resulting in debilitating anxiety and depression. A.R. 28. An ALJ may decide not to give controlling weight to a treating physician's medical opinion unless it is well-supported and not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2). Here, the ALJ concluded that Dr. Slagle's opinion was not supported by medical evidence in the record and that Dr. Slagle's notes fail to show the kind of clinical or laboratory abnormalities one would expect if Plaintiff was disabled. A.R. 28. Instead, the notes show only Plaintiff's subjective complaints, few positive clinical findings, and reveal normal mental status examinations. A.R. 588-591. Accordingly, the Court finds that the ALJ properly found that Dr. Slagle's opinion was contradicted because both the evidence in the record and the opinions of two state agency doctors disputed Dr. Slagle's findings. A.R. 28-29.

Additionally, the ALJ found that Dr. Slagle's opinion was written for the purpose of assisting Plaintiff in obtaining an emotional support animal and, therefore, the criteria for disability in Dr. Slagle's opinion of Plaintiff's disability was based on the Americans with Disabilities Act, the Federal Housing Administration, and the Rehabilitation Act, and not the standards under the Social Security Act. A.R. 28. Finally, the ALJ noted that Dr. Slagle's letter did not contain a function-by-function analysis of Plaintiff's mental capabilities as required under the Social Security Act. A.R. 28. Accordingly, the Court finds that the ALJ properly found that Plaintiff's mental impairments were not severe.

. . .

. . .

### B. Plaintiff's Testimony

A claimant's statements as to pain or other symptoms cannot, alone, be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A). An ALJ is required to make findings as to the veracity of the claimant's subjective statements. *Thomas v. Barnhart*, 278 F.3d 947, 958-9 (9th Cir. 2009). Therefore, in determining whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Lingerfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to induce the pain. *Id.* Once a claimant establishes an underlying impairment, the ALJ must then evaluate whether the statements about the severity of the symptoms are consistent with (1) the objective medical evidence; and (2) the other evidence in the record. 20 C.F.R. § 404.1529(c)(2)-(3). It is the ALJ's prerogative to analyze whether and, to what extent, the claimant's statements about symptoms are consistent with the record. *Molina v. Astrue,* 674 F.3d 1104, 1120-21 (9th Cir. 2012). The ALJ's assessment of the subjective claims must be properly supported by the record and sufficiently ensure a reviewing court that the ALJ did not arbitrarily discount a claimant's subjective testimony. *Id.* In weighing a claimant's testimony, the ALJ may consider numerous factors including duration, frequency, intensity of pain, medication, and "ordinary techniques of credibility evaluation." *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991). The ALJ may also consider discrepancies in a claimant's statements, exaggerated complaints, and inconsistencies between a claimant's statements and activities. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2009).

Here, the ALJ found that, while Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. A.R. 28-31. First, the ALJ found that Plaintiff's statements were inconsistent with medical testing in her records. A.R. 28-29. For example, while Plaintiff had abnormal brain MRIs in June 2015 and March 2017 that showed small vessel ischemic changes, there were no acute intracranial findings. A.R. 392, 405,

782. Further testing of Plaintiff—EMG/NCS testing in June 2015 and a CT scan in August 2016—also showed normal results. A.R. 613-614.

Second, the ALJ found that, since the alleged onset date, the course of Plaintiff's treatment, since her alleged onset date, was generally conservative because she received medication, physical therapy, and injections for her impairments. A.R. 32-33. Treatment can be conservative, on the whole, even if it includes non-conservative measures, including cases where treatment includes a combination of narcotics and conservative methods. *See e.g. Higinio v. Colvin*, 2014 WL 47935, at *5 (C.D. Cal. Jan. 7, 2014); *see also Walter v. Astrue*, 2011 WL 1326529, at *3 (C.D. Cal Apr. 6, 201). The Court finds, therefore, that the ALJ properly found that Plaintiff's treatment was generally conservative.

Third, the ALJ found that Plaintiff's testimony conflicted with her improvements from treatment, as shown in the record. A.R. 33. For instance, Plaintiff's medical records include progress notes that show improvements with range of motion, joint mobility, strength, and soft tissue mobility. A.R. 33. The ALJ also found that Plaintiff's headaches were responsive to Botox injections and that she was able to walk two miles per day. A.R. 32. Impairments that can be controlled effectively with treatment are not disabling for the purposes of determining eligibility for social security benefits. *See Warre v. Comm'r of Soc. Sec.,* 439 F.3d 1001, 1006 (9th Cir. 2006) (internal citation omitted).

Fourth, the ALJ found that Plaintiff's allegations were not consistent with the fact that she collected unemployment benefits and continued to seek work. A.R. 34. While Plaintiff contends that the ALJ improperly considered her receipt of unemployment benefits, an ALJ can discount a claimant's testimony, in part, because of receiving unemployment benefits. *See Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1998). The ALJ noted that collecting unemployment benefits was not alone inconsistent with Plaintiff's disability claim; however, the fact that she continued to seek work, coupled with her collection of unemployment benefits, directly contradicted her claim of disability. A.R. 34; *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-1162 (9th Cir. 2008).

Finally, the ALJ found factors that weighed against finding that Plaintiff's described daily activities were strong evidence in favor of finding her disabled. A.R. 34. The ALJ noted that Plaintiff's alleged limited daily activities cannot be objectively verified with any reasonable degree of certainty. A.R. 34. Accordingly, the Court finds that the ALJ properly discounted Plaintiff's testimony.

### C. Lay Witness Statements

Plaintiff next asserts that the ALJ improperly discounted statements from lay witnesses. Docket Nos. 15 at 13-16, 19 at 7-8. In order to discount competent lay witness testimony, the ALJ must give reasons germane to each witness. *See Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012) (internal citation omitted). An ALJ must give these germane reasons for rejecting testimony; however, if the ALJ has given reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness. *Id*. Here, the ALJ considered lay witness Jonathan Berry's statement and concluded that the limited amount and degree of treatment received by Plaintiff during the pertinent time period was collectively not consistent with Mr. Berry's claims regarding Plaintiff's symptoms and limitations. A.R. 34. The ALJ also observed that Mr. Berry spent limited time with Plaintiff during the relevant time period. A.R. 34.

Plaintiff further asserts that the ALJ improperly failed to address the statement given by her former coworker, lay witness Matthew Barserian. Docket Nos. 15 at 16, 19 at 7-8. However, the ALJ is not require to discuss all the evidence presented in a case; instead, the ALJ must address why he discounted "significant probative evidence." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Thus, the ALJ considered Plaintiff's allegations of headaches and medical complaints, but the ALJ is not required to consider Mr. Barserian's observations on a given single day as the ALJ concluded that the observations do not constitute significant probative evidence. The Court finds that the ALJ properly discounted the lay witness testimony.

### D. Step Four Finding

At step four of the sequential evaluation process, the ALJ compares the claimant's RFC with the physical and mental demands of her past relevant work to determine whether she can

12

return to her past relevant work. 20 C.F.R. § 404.1520(e)-(f). A claimant is capable of performing her past relevant work if she retains the ability to: 1) perform the job as she actually performed it; or 2) perform the job as it is generally performed in the national economy. 20 C.F.R. § 404.1560(b). The claimant has the burden of proving that she cannot perform her past relevant work either as actually performed or as generally performed in the national economy. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Here, Plaintiff contends that the ALJ erred in posing hypothetical questions to the vocational expert while omitting Plaintiff's credible allegations and those of lay witnesses. Docket Nos. 15 at 16, 19 at 9; *See Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988). However, the ALJ was not required to include the hypothetical limitations based on Plaintiff's or lay witnesses' allegations because the ALJ previously discounted these limitations after finding that the limitations were not supported by the overall evidence in the record. *See id.; see also Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Accordingly, the ALJ compared Plaintiff's RFC with the physical and mental demands of her past relevant work and determined that Plaintiff could perform her past relevant work as she performed it and as it is performed in the national economy. A.R. 35; *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The Court finds that the ALJ did not err.

### IV. CONCLUSION

For these reasons, the undersigned concludes that the ALJ's findings are supported by substantial evidence and, therefore, that he did not err in finding that Plaintiff is not disabled. Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 15) be **DENIED** and that the Commissioner's cross-motion to affirm (Docket No. 16) be **GRANTED**.

Dated: March 21, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge

# **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).