# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIM PEDERSEN,<br><br>    Plaintiff<br><br>v.<br><br>ANDREW SAUL,[1] Commissioner of Social Security,<br><br>    Defendant | Case No.: 2:18-cv-00483-APG-NJK<br><br>**Order Accepting Report and Recommendation, Denying Motion for Remand, and Granting Motion to Affirm**<br><br>[ECF Nos. 15, 16, 22] |

Plaintiff Kim Pedersen filed an application for disability insurance on November 19, 2015 alleging she is mentally and physically disabled. The Social Security Administration denied Pedersen's application both when she filed it and on reconsideration. Administrative Law Judge Christopher Daniels held a hearing in August 2017 and ruled that Pedersen was not disabled. The Appeals Council denied Pedersen's request for review in February 2018. The ALJ's decision therefore became the Commissioner's final decision. Pedersen now seeks review of that decision, arguing that I should reverse it or remand the case for further proceedings before the Commissioner.

On March 21, 2019, Magistrate Judge Koppe recommended that I deny Pedersen's motion to remand and grant the defendant's motion to affirm. ECF No. 22. Pedersen objects, arguing that the ALJ: (1) improperly determined that Pedersen's mental impairments were not severe and wrongly rejected the opinion of Pedersen's treating doctor; (2) improperly discounted

---

[1] After Magistrate Judge Koppe issued her report and recommendation, Andrew Saul was sworn in as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), I direct the clerk of court to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

Pedersen's testimony; (3) improperly rejected lay testimony; and (4) improperly relied on incomplete and flawed testimony from a vocational expert.  Having reviewed the record de novo, I agree with Judge Koppe so I deny the motion for remand and grant the motion to affirm.

**I.   DISCUSSION**

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B).  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The review of an ALJ's decision to deny benefits is limited to determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the appropriate legal standards. *Jamerson v. Chafer*, 112 F.3d 1064, 1066 (9th Cir. 1997).  I may set aside the ALJ's determination only if the ALJ's finding is not supported by substantial evidence or is based on legal error. *Id.*  "Substantial evidence means more than a scintilla, but less than a preponderance"; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quotations omitted).  If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm. *See Morgan v, Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  I also may order the Commissioner to collect additional evidence, "but only

upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

Pedersen is entitled to disability benefits under the Social Security Act if she "(a) suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). If Pedersen demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Pedersen can perform a significant number of other jobs that exist in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

**A. Medical Evidence**

The ALJ concluded that Pedersen's mental impairments were not severe because her medical records did not reveal disabling limitations. ECF No. 14-1 at 26-29. Instead, the records revealed a lack of treatment that is "wholly inconsistent with her allegations of disabling mental symptoms." *Id.* at 28. Magistrate Judge Koppe concluded that this decision was supported by substantial evidence because: (1) the medical records support the ALJ's conclusion, (2) the ALJ properly gave weight to the opinions of state agency doctors, and (3) the ALJ properly found that the medical records contradicted the opinion of Pedersen's treating psychiatrist Dr. William Slagle. ECF No. 22 at 7-9. Pedersen objects, arguing that the medical records demonstrate that her impairments were severe and that the ALJ improperly rejected Dr. Slagle's opinion.

"[T]he opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan*, 169 F.3d at 600. However, the

ALJ "must present clear and convincing reasons for rejecting the uncontroverted opinion of a claimant's physician." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ gave no weight to Dr. Slagle's letter because his "own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled." ECF No. 14-1 at 28. Indeed, Dr. Slagle's notes show Pedersen's subjective complaints, few clinical findings, and normal mental status examinations. *Id.* at 588-590. The ALJ's decision to give no weight to Dr. Slagle's letter is consistent with Pedersen's other medical records showing that her clinical examinations were unremarkable and that her doctors had ruled out a major disorder. *Id.* at 27-28. And the ALJ noted Dr. Slagle's opinion that Pedersen was disabled was not based on the standard applicable in this case, because Dr. Slagle drafted the letter in support of Pedersen's application for an emotional support animal. ECF No. 14-1 at 28. The ALJ gave "clear and convincing" reasons to discredit Dr. Slagle's opinion, and his conclusion that Pedersen's impairments were not severe was supported by substantial evidence.

**B. Pedersen's Testimony**

The ALJ "considered, but granted, [*sic*] little probative weight" to Pedersen's testimony because her "activities of daily living in conjunction with the medical evidence demonstrating minimal abnormalities . . . reflects a significant functional capacity and not an individual unable to sustain regular and continuing work due to medically determinable impairments." ECF No. 14-1 at 34. Magistrate Judge Koppe found that the ALJ's decision was supported by substantial evidence. ECF No. 22 at 10-12. Pedersen objects, contending that the ALJ did not apply the appropriate standard and erroneously found that her statements were inconsistent with her medical records. ECF No. 23 at 6-9.

A claimant's statements as to pain or other symptoms cannot, alone, be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A). The ALJ must engage in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Lingerfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to induce the pain or other symptoms that she has alleged. *Id.* Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

Although Magistrate Judge Koppe did not cite the "clear and convincing" standard, there is substantial evidence in the record showing that the ALJ met that standard. First, the ALJ found that Pedersen's statements were inconsistent with her medical records, which show mental status examinations within normal limits and that her doctors ruled out major disorders. ECF No. 34-1 at 28-29. They also show that Pedersen improved with treatment, supporting the ALJ's decision because impairments that can be controlled effectively with treatment are not disabling. *Id.* at 33; *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). It is true that "[c]ycles of improvement and debilitating symptoms are a common occurrence" with mental health conditions, so an ALJ may not discount a claimant's statements "merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). However, the ALJ properly considered Pedersen's condition throughout her period of alleged disability. *See* ECF No. 14-1 at 26-29.

The ALJ also cited Pedersen's "generally conservative" course of treatment. *Id.* at 32-33. Although Pedersen was prescribed with pain medications, the ALJ reasonably decided that her treatment as a whole reflected a conservative approach. *See Higinio v. Colvin*, 2014 WL 47935 at *5 (C.D. Cal. Jan. 7, 2014) ("The fact that plaintiff may have been prescribed tramadol and Vicodin at some point and was prescribed Percocet a few months after the hearing does not negate the reasonableness of the ALJ's inference that her treatment as a whole during the relevant period . . . was conservative and routine.").

However, the ALJ erred when he cited Pedersen's collection of unemployment benefits and prior job search. ECF No. 14-1 at 34. "[W]hile receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime, the record here does not establish whether [Pedersen] held [herself] out as available for fulltime or part-time work. Only the former is inconsistent with [her] disability allegations." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). But this error is harmless because Pedersen's medical records and course of treatment afforded "clear and convincing" reasons to discount her testimony. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (harmless error where ALJ had independent bases to discredit claimant's testimony). So I overrule this objection.

**C. Lay Witness Testimony**

The ALJ discounted statements from Pedersen's future son-in-law Jonathan Berry because his statements were inconsistent with Pedersen's limited course of treatment and the limited amount of time Berry spent with Pedersen. ECF No. 14-1 at 34. The ALJ did not address a letter from Pedersen's former colleague Matthew Barserian stating that on September 10, 2014, Pedersen had a "severe headache," a swollen forehead, and reported difficulty focusing on her

work. *Id.* at 711. Magistrate Judge Koppe found that the ALJ properly discounted the lay witness testimony. ECF No. 22 at 12. Pedersen objects, arguing that the ALJ improperly discredited the testimony, which "establish[es] that, during relevant times, Plaintiff did not have the ability to perform regular, full-time work on a continuing basis." ECF No. 23 at 10.

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citations omitted). But the ALJ "need not discuss all evidence presented . . . . Rather, the ALJ must explain why significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quotation omitted). "One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." *Lewis,* 236 F.3d at 511.

The ALJ properly discounted Berry's statements because they were inconsistent with Pedersen's limited course of treatment and the limited amount of time he spent with her. ECF No. 14-1 at 34. Although the ALJ did not address Barserian's statement, he did consider it. *See Id.* at 24 (ALJ "consider[ed] all of the evidence"). And the statement was not significant and probative because it addressed only temporary symptoms on one day before the onset of her disability.

**D. Vocational Expert Testimony**

The ALJ's decision that Pedersen is capable of performing her past relevant work as a marketing manager was based on the testimony of a vocational expert. *Id.* at 35. Magistrate Judge Koppe found that the ALJ did not err. ECF No. 22 at 13. Pedersen objects, arguing that the ALJ did not question the vocational expert on all of her limitations. ECF No. 23 at 11.

7

"Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). But "[a]n ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001); *see also Embrey*, 849 F.2d 418 at 423.

As discussed above, the ALJ determined and sufficiently explained that certain limitations alleged in Pedersen's testimony and Dr. Slagle's opinion were not credible. He was free to reject those limitations in his hypothetical questions. I deny this objection, and I accept Magistrate Judge Koppe's report and recommendation.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Kim Pedersen's objections (ECF No. 23) are overruled and the report and recommendation **(ECF No. 22) is adopted**.

I FURTHER ORDER that plaintiff Kim Pedersen's motion to remand **(ECF No. 15) is DENIED**.

I FURTHER ORDER that defendant Nancy Berryhill's cross-motion to affirm **(ECF No. 16) is GRANTED**.

I FURTHER ORDER that, pursuant to Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case. The clerk of court is also

/ / / /

/ / / /

instructed to enter judgment in favor of defendant Andrew Saul and against plaintiff Kim Pedersen.

DATED this 25th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE